UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LLOYD PROBBER,                                  :
                                                :
                Petitioner,            :   **MEMORANDUM & ORDER**
                                                :
         v.                            :   06 Civ. 6303 (LBS)
                                                :
UNITED STATES,                                  :
                                                :
                Respondent.            :
------------------------------------------------------------------x

SAND, J.

      Petitioner Lloyd Probber pled guilty in the District Court for the Southern District of New York, on March 25, 2005, to one count of conspiracy to commit wire fraud, 18 U.S.C. § 371, and to one count of wire fraud, 18 U.S.C. § 1343. He was sentenced to 46 months imprisonment followed by three years of supervised release. Probber now moves *pro se* to vacate his sentence pursuant to 28 U.S.C. §2255 on the grounds that he did not receive effective assistance of counsel.

      The petition before the Court raises two grounds for relief. Probber first argues that defense counsel was ineffective for allowing his rights under the Speedy Trial Act to be violated. Second, Probber argues that counsel was ineffective for failing to argue that contested facts at sentencing should be proved beyond a reasonable doubt. For the reasons stated below, this petition is denied.

I. SPEEDY TRIAL ACT CLAIM

      Probber alleges that "on at least six different occassions [sic], before Probber was taken to trial or plead out, the district court granted continuances and excluded time that would normally apply to the STA's deadline." (Def. Mem. at 2). Probber relies on the Supreme Court's

decision in Zedner v. United States to argue that despite his attorney's waiver on six different occasions, the Court violated his rights under the Speedy Trial Act by accepting the waiver and granting the requested continuances.  But the section of Zedner that Probber cites, noting that a waiver of a defendant's rights under the Speedy Trial Act does not relieve the court of its statutory obligation to bring the defendant to trial within the 70-day deadline, applies only when the defendant attempts to prospectively waive his rights under the Speedy Trial Act.  In Zedner, the defendant consented to waiving his rights under the Speedy Trial Act "for all time" in 1997, and was not brought to trial for four years.  Zedner v. United States, 126 S. Ct. 1976, 1982 (2006).

Probber also argues that the Supreme Court in Zedner noted that waiver by the defendant is not the sole requirement for granting a continuance under the Speedy Trial Act.  The Court must also find that "that the ends of justice served … outweigh the best interest of the public and the defendant in a speedy trial."  Zedner, 126 S. Ct. at 1985.

Nothing that occurred in this case in inconsistent with the Supreme Court's decision in Zedner.  Probber did not prospectively consent to a permanent waiver of his rights under the Speedy Trial Act, but rather consented to each individual continuance on the record.  For each continuance, the Court issued a written order that noted the Court's reasons for granting it and its determination that the continuance served "in the interest of justice." (See Resp. Br. Ex. C, E, G, I, K, M).  Further, all of the continuances were granted for reasons that have been deemed appropriate under the statute.  Three of the continuances were granted to "allow the defense to review discovery … and to consider what motions, if any, to file in this matter" and "assure effective assistance of counsel." (Resp. Br. Ex. C, K, M).  Two were granted to "allow the parties to discuss whether a disposition can be reached in this matter prior to trial." (Resp. Br. Ex. E, G).

2

One was granted to "assure effective assistance of defense counsel in the preparation for trial and will allow the parties to discuss whether a disposition can be reached." (Resp. Br. Ex. I).

The granting of a continuance to ensure effective assistance of counsel is one of the specific enumerated factors in the Speedy Trial Act that a judge may consider in granting a continuance.  See 18 U.S.C. §3161(h)(8)(B)(iv) (allowing a continuance if the 70-day limitation "would deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence").  Similarly, a continuance granted to allow the defendant and the government to discuss plea bargaining is also proper under the Act.  See United States v. Lindsay, 1984 U.S. Dist. 16651 *1, *5 (S.D.N.Y. 1984) ("the continuances at issue here were properly granted at the request of defense counsel to permit the Government and defendants to engage in ongoing plea discussions, a legitimate exclusion under the Act").  The reasons for granting the continuance were memorialized in written orders immediately following the conferences, which is also proper under the Act.  See United States v. Tunnessen, 763 F.2d 74, 78 (2d Cir. 1985) ("We also adopt the position taken in other circuits that the precise reasons for the decision need not be entered on the record at the time the continuance is granted."); Spencer v. United States, 1993 U.S. Dist. LEXIS 14175, *1, *12 (W.D.N.Y. 1993) ("The exclusions were ordered at the time of the status conferences, and were put on the record; the written orders simply memorialized the verbal orders.").  Thus, Probber's claim that counsel was ineffective or that his rights under the Speedy Trial Act were violated must fail.

II. PROOF OF FACTS AT SENTENCING

Second, Probber claims that he was deprived of his right to effective assistance of

3

counsel because counsel failed to argue that all contested facts at sentencing should be proved beyond a reasonable doubt. Probber's argument on this ground fails as well.

First, Probber consented to the sentencing enhancements in his plea agreement. (Resp. Br. at 6). Second, all of the facts used in determining those enhancements were consented to when he acknowledged that he had read the presentence report and discussed it with his attorney, and there were no factual errors. (Resp. Br. Ex. P). So, to the extent that Probber claims that any facts relied on by the Court at sentencing were "contested," he is incorrect. To the extent that Probber relies on United States v. Booker and its progeny, these cases firmly establish that facts "necessary to support a sentence exceeding the maximum … must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt". United States v. Booker, 543 U.S. 220, 244 (2005) (emphasis added). Probber's counsel cannot be considered ineffective for failing to argue that the government should prove beyond a reasonable doubt facts that Probber himself admitted on the record. Thus, Probber's motion fails on this ground as well.

III.

For the reasons stated above, defendant's motion to vacate his sentence is DENIED.

**SO ORDERED.**

Dated: September 19, 2007
New York, NY

U.S.D.J.

4